IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

LEE A. BLACK, CHARLES C. TURNAGE,                                                PLAINTIFFS
and SEASIDE DEVELOPMENT CORPORATION

v.                                       No. 5:08CV00011 JLH

STATE FARM FIRE AND CASUALTY COMPANY                                             DEFENDANT

## OPINION AND ORDER

Lee A. Black, Charles C. Turnage, and Seaside Development Corporation commenced this action against State Farm Fire and Casualty Company in the Circuit Court of Drew County, Arkansas. State Farm removed the action to this Court pursuant to 28 U.S.C. § 1441(a), asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). The plaintiffs have now filed a motion to remand. The parties agree that all three of the plaintiffs are citizens of the State of Arkansas and that State Farm is not but disagree as to whether the amount in controversy exceeds $75,000, exclusive of interest and costs.

The complaint alleges that Seaside owns a house at 2122 Lakeshore, Lake Village, Arkansas, that the property suffered insured property damage in the amount of $10,500, which State Farm has refused to pay. The complaint alleges that Seaside also owns a house at 1320 Lakeshore, Lake Village, Arkansas, which suffered insured property damage in the approximate amount of $5,000, that a neighbor suffered insured property damage in the approximate amount of $3,000, but that State Farm only paid $397.09. The complaint alleges that Turnage owns a house located at 207 N. Cokely, Lake Village, Arkansas, which suffered insured property damage in the approximate amount of $12,500, which State Farm has failed to pay. The complaint alleges that Black owns a house at 105 Mona Lisa Court, Monticello, Arkansas, which suffered insured property damage in the approximate amount of $5,000, which State Farm has failed to pay. The complaint also alleges that Turnage and

Black own a house located at 129 Oakwood Drive, Monticello, Arkansas, which has suffered insured property damage in the approximate amount of $8,650, which State Farm has refused to pay. Based on these facts, the complaint alleges that State Farm's actions constitute a breach of the insurance policies issued with respect to the five houses and that the conduct of State Farm breached the covenant of good faith and fair dealing contained in the policies. In addition to the property damage, the complaint seeks the 12% penalty provided by Ark. Code Ann. § 23-79-208(a)(1), attorneys' fees pursuant to that same statute, loss of rental income for each of the houses except the one located at 129 Oakwood Drive in Monticello, and prejudgment interest. The complaint alleges, "The aggregate amount of damages for all Plaintiffs is in excess of the amount necessary for federal diversity jurisdiction, but the amount of damages for each individual Plaintiff is less than the amount of damages necessary for federal diversity jurisdiction."

In their motion to remand, the plaintiffs cite *Burns v. Massachusetts Mut. Life Ins. Co.*, 820 F.2d 246 (8th Cir. 1987), for the propositions that, when two or more plaintiffs have separate and distinct claims and demands, it is essential that the claims and demands of each plaintiff satisfy the requisite jurisdictional amount; that claims are only aggregated when several plaintiffs unite to enforce a single right in which all the plaintiffs have an undivided interest; and that aggregation does not apply when claims are made by different plaintiffs under insurance policies. *Id*. at 250-51.

In its response, State Farm argues that the claims of the plaintiffs may be aggregated when several plaintiffs unite to enforce a single title or right, and State Farm notes that Turnage is the president and registered agent for Seaside Development Corporation, while Turnage and Black own one of the houses together, so, State Farm argues, the plaintiffs appear to have a common right or title that would justify aggregating their claims. State Farm observes that one of the counts is for breach of the duty of good faith and fair dealing and cites several Arkansas cases in which awards

of more than $75,000 have been made in bad faith cases, apparently in an effort to show that potential punitive damage awards could push the amount in controversy on individual claims above the jurisdictional minimum. State Farm also points to the fact that the plaintiffs claim unspecified damages for loss of rental income as further reason to believe that the amount in controversy exceeds $75,000 exclusive of interest and costs.

The parties agree that when a complaint alleges no specific amount of damages or an amount less than the jurisdictional minimum the defendant may remove to federal court by proving by a preponderance of the evidence that the amount in controversy exceeds the minimum jurisdictional amount. *Toller v. Sagamore Ins. Co.*, 514 F. Supp. 2d 1111, 1115 (E.D. Ark. 2007); *see also In re Minnesota Mut. Life Ins. Co. Sales Practices Litigation*, 346 F.3d 830, 834 (8th Cir. 2003). Likewise, the parties agree that in determining the amount in controversy the Court may consider the 12% penalty and attorneys' fees that may be awarded pursuant to Ark. Code Ann. § 23-79-208. *See Toller*, 514 F. Supp. 2d at 1116.

Unless the claims are aggregated, it appears to a legal certainty that the amount in controversy, exclusive of interest and costs, is less than $75,000. Seaside asserts two claims for property damage which, if aggregated, would amount to $18,500; Turnage asserts a claim for property damage in the amount of $12,500; Black asserts a claim for property damage in the amount of $5,000; and Turnage and Black together assert a claim for property damage in the amount of $8,650. Although the plaintiffs seek to recover an unspecified amount of loss of rental income, there is nothing before the Court to suggest that the loss of rental income for any individual plaintiff would be sufficient to make the amount in controversy as to that plaintiff exceed $75,000, including the 12% penalty and reasonable attorneys' fees. If the complaint alleged a claim for punitive damages, State Farm might well be correct that, in light of past awards for punitive damages in bad faith

insurance cases in Arkansas, the amount in controversy on the bad faith claim could exceed $75,000 for an individual plaintiff. *See Southern Farm Bureau Cas. Ins. Co. v. Allen*, 326 Ark. 1023, 934 S.W.2d 527 (1996); *Viking Ins. Co. of Wisconsin v. Jester*, 310 Ark. 317, 836 S.W.2d 371 (1992); *Employer's Equitable Life Ins. Co. v. Williams*, 282 Ark. 29, 665 S.W.2d 873 (1984); *Aetna Cas. & Sur. Co. v. Broadway Arms Corp.*, 281 Ark. 128, 664 S.W.2d 463 (1984). However, the complaint does not request punitive damages, nor does it allege facts that would, if proven, justify an award of punitive damages. Arkansas is a fact-pleading state. *See* ARK. R. CIV. P. 8(a); *Harvey v. Eastman Kodak Co.*, 271 Ark. 783, 786, 610 S.W.2d 582, 584 (1981). To recover punitive damages, the plaintiffs would need to plead and prove a tort, and they have not alleged facts to support any tort claim. The tort that plaintiffs arguably attempt to plead is the tort of bad faith. The tort of bad faith requires proof of affirmative misconduct that is dishonest, oppressive, or malicious. *Broadway Arms*, 281 Ark. at 133, 664 S.W.2d at 465. Malicious conduct is conduct carried out with a state of mind characterized by hatred, ill will, or a spirit of revenge. *Id*. at 133-34, 664 S.W.2d at 465. Mere failure or refusal to pay a claim is not bad faith. *See Baker v. Safeco Ins. Co. of America*, 175 F.3d 618, 621 (8th Cir. 1999); AMI Civil 406 (2007). The complaint here alleges only failure or refusal to pay; it does not allege that State Farm engaged in affirmative misconduct that was dishonest, oppressive, or malicious. The complaint states no facts to support a claim for the tort of bad faith and requests no punitive damages in the prayer for relief. Because the complaint alleges no tort that would support a claim for punitive damages and the prayer for relief does not request an award of punitive damages, no basis exists for considering a possible award of punitive damages in determining the amount in controversy.

The issue, then, is whether the claims of the different plaintiffs may be aggregated for purposes of determining the amount in controversy. Each of the five claims is asserted with

reference to a separate property.  Ordinarily, each property would be insured pursuant to a separate insurance policy.  State Farm, which has the burden of proof, has not argued or proposed to present any evidence that the properties were insured under one insurance policy.  Paragraph 16 of the complaint references "the insurance policies."  If, as the Court presumes, State Farm issued a separate policy of insurance for each of the properties, the claims of the plaintiffs would not be aggregated; instead, the claims of each plaintiff would be distinct because each plaintiff's claim would be based upon a separate insurance contract.  *Burns*, 820 F.2d at 251; *Webb v. American Int'l Group, Inc.*, 277 F. Supp. 2d 1014, 1018-19 (E.D. Ark. 2003); *Metzler v. Nationwide Mut. Fire Ins. Co.*, 1995 WL 938601 (E.D. Mo., Nov. 21, 1995); *Harris v. Provident Mut. Life Ins. Co. of Philadelphia*, 1991 WL 152956 (E.D. Pa., Aug. 6, 1991).

In summary, it appears that the claims of the plaintiffs are separate and distinct; they may not be aggregated pursuant to *Burns*.  When viewed separately, the claims of no plaintiff exceed $75,000 exclusive of interest and costs.  Therefore, this Court does not have jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).  Accordingly, the motion to remand is GRANTED.  Document #6.  A separate judgment will be entered remanding this case to the Circuit Court of Drew County, Arkansas.

IT IS SO ORDERED this 13th day of February, 2008.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE